
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 15 2018

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VESHA SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-195-A |
| | § | |
| SANTANDER CONSUMER USA, INC. | § | |
| (REED GROUP), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the first amended opposed motion of defendant, Santander Consumer USA, Inc., to compel arbitration and to dismiss. Plaintiff, Vesha Smith, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claim

On March 14, 2018, plaintiff filed her original complaint in this action. Doc.[1] 1. In it, she alleges that she was employed by defendant; that plaintiff requested accommodations for disability; that defendant accommodated plaintiff for a time; and, ultimately, defendant determined that it would no longer accommodate her disability and terminated her. Id. ¶¶ 4-8.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

Plaintiff says that she was discriminated against in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"). Id. ¶¶ 9-12.

II.

Ground of the Motion

Defendant says that plaintiff's claim is subject to an arbitration agreement she signed when she became employed by defendant.

III.

Applicable Legal Principles

The law strongly favors arbitration. Texaco Expl. & Prod. Co. v. AmClyde Engineered Prods. Co., 243 F.3d 906, 909 (5th Cir. 2001); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 268 (Tex. 1992)(orig. proceeding). Thus, there is a presumption in favor of the enforceability of arbitration agreements. Walton v. Rose Mobile Homes, LLC, 298 F.3d 470, 473 (5th Cir. 2002); In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001). Once the existence of an arbitration agreement is shown, the party opposing arbitration bears the burden of defeating the agreement. Walton, 298 F.3d at 473; Cantella & Co. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996).

IV.

Analysis

In this case, defendant has shown that plaintiff's claim is subject to an arbitration agreement. Doc. 23 at 6. 14-15, 35. Plaintiff and defendant agreed that "any dispute, claim, or controversy" that might arise between them regarding plaintiff's employment by defendant or the termination of her employment would be submitted to binding arbitration. Id. at 14. Accordingly, dismissal of plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate. Omni Pinnacle, LLC v. ECC Operating Servs., Inc., 255 F. App'x 24, 25-26 (5th Cir. 2007).

V.

Order

The court ORDERS that plaintiff's first amended opposed motion to compel arbitration and to dismiss be, and is hereby, granted; that plaintiff's claim against defendant be, and is hereby, dismissed pursuant to Fed. R. Civ. P. 12(b)(1); and, that the parties are ORDERED to proceed to arbitration in accordance with the agreement between them.

SIGNED May 15, 2018.

_____
JOHN McBRYDE
United States District Judge

3